BARBOUR FUR COMPANY, INC., N. C. HIDE & FUR COMPANY, INC., WARD FUR COMPANY, INC., KENNETH CUTHBERTSON, D/B/A WESTERN N. C. FUR COMPANY, ARTHUR C. LOWE, D/B/A LOWE FUR & HERB COMPANY AND JOSEPH DUPREE, D/B/A DUPREE INSURANCE AGENCY AND FUR DEALER v. NORTH CAROLINA WILDLIFE RESOURCES COMMISSION; WILLIAM C. BOYD, EDDIE C. BRIDGES, WALLACE E. CASE, POLIE Q. CLONINGER, JR., J. ROBERT GORDON, ROY A. HONEYCUTT, HENRY E. MOORE, JR., LEE L. POWERS, M. WOODROW PRICE, EDWARD RENFROW, DEWEY W. WELLS, V. E. WILSON, III AND W. STANFORD WHITE, MEMBERS OF THE NORTH CAROLINA WILDLIFE RESOURCES COMMISSION; AND ROBERT B. HAZEL, EXECUTIVE DIRECTOR OF THE NORTH CAROLINA WILDLIFE RESOURCES COMMISSION

No. 7810SC492

(Filed 3 April 1979)

Hunting § 1— sale of fox furs—county open season—no permit for sale

The buying and selling of fox furs is legal in N. C. during open season for foxes in the county where the sale takes place, and there is no requirement in

the Game Law that a permit be issued for such transactions. G.S. 113-103; G.S. 113-104; G.S. 113-100.

APPEAL by defendant from *McClelland, Judge.* Judgment entered 7 March 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 5 March 1979.

Plaintiff fur dealers seek a declaratory judgment (1) that defendant North Carolina Wildlife Resources Commission (Wildlife Commission) has authority to issue permits allowing the plaintiffs to sell legally-taken fox pelts, and (2) that plaintiffs may legally possess, process and sell fox pelts lawfully taken and purchased in other states. Plaintiffs were granted a preliminary injunction ordering defendant to issue permits upon appropriate application.

At trial the plaintiffs presented evidence that prior to 1935, and from the enactment of the North Carolina Game Law in 1935 to 1975, plaintiffs, and other fur dealers, traded in fox pelts without the necessity of a permit. Plaintiffs were only required to furnish certain information, *e.g.*, the number and kind of game animals taken and from whom they were purchased. Between 1975 and the fall of 1977, permits to trade in fox furs were routinely issued by the Wildlife Commission, but in 1977, due to the issuance of an Attorney General's opinion, the Wildlife Commission refused to issue permits.

Defendants presented evidence that in 1975 it was decided that G.S. 113-106 was authority for the Commission to issue permits for trading in fox furs. By an opinion of September, 1977, the Attorney General determined that the fox is a game animal, and that game animals cannot be bought and sold in North Carolina. No permits were voluntarily issued by the Commission after the receipt of this opinion.

The trial court found that G.S. 113-106 gives the Wildlife Commission authority to issue permits to sell fox furs and that G.S. 113-102 does not prohibit commercial transactions in fox furs. The preliminary injunction was made permanent, and the Commission was ordered to issue permits upon proper application. The defendants appeal.

*Broughton, Wilkins, Ross & Crampton, by Melville Broughton, Jr. and Charles P. Wilkins, for plaintiff appellees.*

*Attorney General Edmisten, by Associate Attorney Lucien Capone III, for defendant appellants.*

ARNOLD, Judge.

Defendants take exception to the trial court's construction of the North Carolina Game Law, ch. 113, Subch. III, Art. 7. (By Session Laws 1977, c. 712, s. 4, this Article is repealed effective July 1, 1983.) "In the interpretation of statutes the legislative will is the controlling factor," *State v. Hart,* 287 N.C. 76, 80, 213 S.E. 2d 291, 294 (1975), so our function on this appeal is to determine whether the trial court correctly discerned the legislative intent.

G.S. 113-104 provides that "No person shall at any time of the year . . . possess, buy, sell, offer or expose for sale, . . . any [wild] . . . animal, or part thereof, . . . except as permitted by this Article. . . ." The fox has been held to be a wild animal, *State v. Sizemore,* 199 N.C. 687, 155 S.E. 724 (1930), so it falls within the protection of the Article, and we begin from the premise that no commercial transactions in fox furs are legal unless they are permitted by the Game Law.

For the purposes of the Game Law, the fox is defined as a "game animal," and not as a "fur-bearing animal." G.S. 113-83. Thus the trial court's conclusion "that it was the legislative intent to regard the fox in the traditional manner as a game animal to be hunted for sport and as a fur-bearing animal when lawfully taken" is clearly in conflict with G.S. 113-83. "Where the Legislature defines a word used in a statute, that definition is controlling even though the meaning may be contrary to its ordinary and accepted definition." *Vogel v. Reed Supply Co.,* 277 N.C. 119, 130-31, 177 S.E. 2d 273, 280 (1970). Provisions of the Game Law referring to "fur-bearing animals" do not apply to foxes.

The trial court concluded that G.S. 113-106 authorizes the Commission to issue permits allowing the purchase and sale of fox furs. That statute provides in pertinent part: "A person may buy and sell at any time the mounted specimens of heads, antlers, hides and feet of game animals, . . . [p]rovided, the person selling

such specimens has a written permit issued by the Executive Director of the North Carolina Wildlife Resources Commission, authorizing him to do so." We do not accept the plaintiff's suggested interpretation that the word "mounted" applies only to "heads," and that antlers, hides and feet of game animals may be sold by a seller with a permit at any time. We find, at best, that this would be a strained interpretation of the statute, and we conclude instead that this portion of the statute refers only to the buying and selling of *mounted* heads, antlers, hides and feet, and so is not applicable to the issue before us.

The trial court further concluded "that G.S. 113-102 does not prohibit commercial transactions involving buying and selling fox furs." This conclusion is literally true, since G.S. 113-102 makes only one reference to foxes, with regard to the permitted manner of taking them. G.S. 113-102(d) ("Foxes may be taken with dogs only, *except during* the open season, when they may be taken in any manner." (Emphasis added.)) This does not lead to the conclusion that commercial transactions in fox furs are permitted without restriction, however, since G.S. 113-104 clearly states that the purchase or sale of any wild animal is forbidden except as permitted by the Game Law.

We find that G.S. 113-103 is determinative of the issue plaintiffs have raised by this action. G.S. 113-103 makes it unlawful to possess, transport, purchase or sell any dead game animals or parts thereof during the *closed* season in North Carolina. As the fox is by statutory definition a game animal, this statute clearly applies to the buying and selling of fox furs. G.S. 113-100 leaves open season for foxes to county regulations, so there is no period which is necessarily open season for foxes statewide. (As provided in G.S. 113-111, certain counties have no closed season for foxes.) Construing G.S. 113-100 and -103 together, we find that county regulations will determine when the buying and selling of fox furs is legal.

In summary: G.S. 113-104 prohibits the buying and selling of wild animals, or their parts, except as permitted by the Game Law. The fox is a wild animal, and a game animal by statutory definition. G.S. 113-103 makes it unlawful to buy or sell game animals during closed season, and G.S. 113-100 allows for county regulation of open season on foxes. We conclude that the buying

and selling of fox furs is legal in North Carolina during open season for foxes in the county where the sale takes place. In short, if there is open season to hunt foxes then it is lawful to buy and sell fox furs. Moreover, we find no requirement in the Game Law that a permit be issued for such transactions.

The judgment of the trial court is vacated, and the case is remanded for entry of judgment consistent with this opinion.

Vacated and remanded.

Chief Judge MORRIS and Judge CLARK concur.